UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JESUS MARTINEZ GARCIA,<br><br>    Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social Security[1],<br><br>    Defendant. | NO. CV-12-00126-JLQ<br><br>MEMORANDUM OPINION AND ORDER RE: MOTIONS FOR SUMMARY JUDGMENT |

BEFORE THE COURT are Cross-Motions for Summary Judgment. (ECF NO. 14 & 20). Plaintiff is represented by attorney **Randy Fair**. Defendant is represented by Assistant United States Attorney **Pamela J. DeRusha** and Special Assistant United States Attorney **Kathryn Miller**. This matter was previously before Magistrate Judge Imbrogno. It was reassigned to the undersigned for all further proceedings on June 3, 2013. The court has reviewed the administrative record and the parties' briefs. The case was submitted for decision without oral argument on June 10, 2013.

This court's role on review of the decision of the Administrative Law Judge (ALJ) is limited. The court reviews that decision to determine if it was supported by substantial evidence and contains a correct application of the law. *Valentine v.*

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Ms. Colvin is substituted for Michael Astrue as the Defendant in this suit. No further action need be taken to continue this matter by reason of the last sentence of 42 U.S.C. 405(g).

ORDER - 1

*Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). This court is obligated to affirm the ALJ's findings if they are supported by the evidence and the reasonable inferences to be drawn therefrom. *Molina v. Astrue*, 674 F.3d 1104, 1110-11 (9th Cir. 2012). Substantial evidence is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion.

## I. JURISDICTION

In February 2008, Plaintiff/Claimant Jesus Martinez Garcia filed an application for supplemental security income (SSI) and disability insurance benefits(DIB) alleging a disability onset date of January 8, 2008. Plaintiff alleged at the time of application a heart condition, hernia, and physical impairment to his right arm. (ECF No. 11, p. 156). On this appeal, Plaintiff alleges disability due to panic disorder/anxiety and shoulder impingement. It appears that the initially alleged "heart condition" was chest pain related to anxiety/panic. After timely requesting a hearing, Plaintiff appeared before Administrative Law Judge Christopher H. Juge on March 18, 2010, for a video hearing. (Transcript at ECF No. 11-2 pages 40-62). The ALJ issued a decision denying benefits on April 6, 2010. (ECF No. 11-2, p. 21-34). Plaintiff filed a request for review with the Appeals Council, which was denied on February 1, 2012. The decision of the ALJ became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g).

## II. SEQUENTIAL EVALUATION PROCESS

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if the impairments are of such severity that the claimant is not only unable to do his previous work but cannot,

considering claimant's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987):

Step 1: Is the claimant engaged in substantial gainful activities? 20 C.F.R. §§ 404.1520(b), 416.920(b). If he is, benefits are denied. If he is not, the decision maker proceeds to step two.

Step 2: Does the claimant have a medically severe impairment or combination of impairments? 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step.

Step 3: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. Pt. 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Step 4: Does the impairment prevent the claimant from performing work she has performed in the past? 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant is able to perform his previous work, he is not disabled. If the claimant cannot perform this work, the inquiry proceeds to the fifth and final step.

Step 5: Is the claimant able to perform other work in the national economy in view of his age, education and work experience? 20 C.F.R. §§ 404.1520(f), 416.920(f).

ORDER - 3

The initial burden of proof rests upon the Plaintiff to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). The initial burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. The burden then shifts to the Commissioner to show (1) that the claimant can perform other substantial gainful activity and (2) that a "significant number of jobs exist in the national economy" which claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## III.  STANDARD OF REVIEW

"The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence and the [Commissioner] applied the proper legal standards." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989). This court may set aside a denial of benefits only if the basis for denial is not supported by substantial evidence or if it is based on legal error. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). It is the role of the trier of fact, not this court, to resolve conflicts in the evidence. *Richardson*, 402 U.S. at 400. If the evidence supports more than one rational interpretation, the court must uphold the decision of the ALJ. *Thomas*, 278 F.3d at 954 (9th Cir. 2002).

## IV.  STATEMENT OF FACTS

The facts are contained in the medical records, administrative transcript, and the ALJ's decision, and are only briefly summarized here.  At the time the ALJ issued his decision, Plaintiff was 42 years old.  Plaintiff was educated in Mexico and only through the 5th grade.  Plaintiff speaks Spanish and was assisted by an interpreter at the hearing before the ALJ.  Plaintiff's work background is not entirely clear.  In completing his work background information (ECF No. 11, p. 197) he mistakenly wrote N/A, although he had worked in the past 15 years.  According to the testimony before the ALJ, Plaintiff had worked as an equipment cleaner, harvest worker, garment sorter, and beet cutter. (*Id*. at 57-58).

Plaintiff testified that he came to the United States when he was 16 or 17 years old and obtained his residency.  He testified that he has three children who live in Mexico, and one had recently died in an accident.  He testified that he was undergoing treatment for depression and that his "heart condition" was "anxiety attacks." (ECF No. 11-2, p. 46).  He testified his primary past work was in an orchard, but he vaguely recalled doing some construction work and working in a packing plant.

## V.  COMMISSIONER'S FINDINGS

The ALJ found at **Step 1** that Plaintiff had not engaged in substantial gainful activity since January 8, 2008, the alleged onset date.

At **Step 2**, the ALJ found the medical evidence established the following impairment: depression.  The ALJ further found that none of Plaintiff's alleged impairments were severe.

As the ALJ concluded that Plaintiff had no severe impairments, he did not proceed with Steps 3 to 5 of the sequential process.  The ALJ found Plaintiff was not credible.  The ALJ found no credible evidence of mental impairment: "In terms of mental complaints, there is no credible evidence of any impairment." (ECF No. 11, p. 32).  The ALJ found Plaintiff's testimony to be "vague and

ORDER - 5

elusive" and that Plaintiff's claims of poor memory "do not appear genuine." (*Id*.). The ALJ further stated: "If the claimant is impaired in regard to his mental status in any way, it is likely due to substance abuse, and at present substance abuse and mental health issues could not be separated." (*Id*.). The ALJ also noted evidence of drug seeking behavior in the record.

The ALJ concluded Plaintiff was not disabled.

## VI. ISSUES

Plaintiff's briefing identifies one primary issue for review: 1) did the ALJ err in improperly finding that Plaintiff's anxiety disorder and shoulder impairment were non-severe? (ECF No. 15, p. 2). As part of this assignment of error, Plaintiff argues that the ALJ entirely disregarded the psychiatric evaluation of Dr. Dalley who diagnosed Plaintiff with a panic disorder. (*Id.* at p. 6). Plaintiff also makes an argument concerning the ALJ's development of the record with the vocational expert. However, this argument does not appear germane. As the ALJ found that Plaintiff had no severe impairments, if that finding is supported by substantial evidence, the ALJ would not be required proceed to Steps 4 and 5 and evaluate Plaintiff's vocational aptitude.

## VII. DISCUSSION

### A. Did the ALJ err at Step 2 in Finding the Plaintiff had No Severe Impairments?

The Step Two analysis is, "a de minimus screening device used to dispose of groundless claims." *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). An impairment or combination of impairments may be found non-severe "*only if* the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Id.* (emphasis in original). The Ninth Circuit has cited favorably to Social Security Regulation No. 85-28(1985) which provides, "if an adjudicator is unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic

ORDER - 6

work activities, the sequential evaluation should not end with the not severe evaluation step." *Id.* at 687.

Plaintiff argues that his anxiety was a severe impairment. The ALJ found Plaintiff's only impairment was depression, and it was non-severe. The record also evidences a substance abuse problem. The ALJ was skeptical of Plaintiff's allegations of mental impairment and stated: "In terms of mental complaints, there is no credible evidence of any impairment, other than drug abuse, that would interfere more than minimally with work activities." (ECF No. 11-2, p. 32). The ALJ further stated: "If the claimant is impaired in regard to his mental status in any way, it is likely due to substance abuse, and at present substance abuse and mental health issues could not be separated." (*Id.*)

**(I) The Medical Record** - The court has reviewed the record for evidence of anxiety, depression, and substance abuse. The record is replete with records of Plaintiff seeking treatment for depression and anxiety. The record is also replete with references to drug seeking behavior, and substance abuse. The following recitation identifies just a portion of the relevant records. In July 2007, Patrick Carrillo, Ph.D., referred Plaintiff to Dr. Malcolm Butler for consult due to concerns regarding continued expression of anxiety and panic attacks. (ECF No. 11 at 228) In January 2008, Plaintiff was seeking treatment at Columbia Valley Community Health for depression. (ECF No. 11, p. 222-224). When Dr. Butler saw Plaintiff in January 2008, his treatment note reflects Plaintiff's anxiety problem was chronic. (*Id.* at 232). Dr. Butler's treatment notes also evidence some concern of drug seeking behavior and that Plaintiff's wife attended the office visit in July 2007 and "got on [Plaintiff] about taking too many pills". (*Id.* at 252). The July 16, 2007 office note reflects more drug-seeking behavior: "The first thing when I walked in was a request for more narcotics. He asked at least 3 times during the visit....I told him that NOBODY...would prescribe more narcotics for

ORDER - 7

him than he is already receiving." (*Id*. at 260).

Plaintiff began seeing Dr. Butler for anxiety and depression in April 2007. (*Id.* at 272). On May 4, 2007, Dr. Butler describes anxiety as Plaintiff's "largest issue". (*Id*. at 271). One year later, in May 2008, Dr. Butler wrote: "I put him back on the clonazepam with cautions. This is a bad combination with the Norco, but anxiety really is his major issue." (ECF No. 11, p. 357). Plaintiff's drug seeking behavior was also occurring during this period. At a March 2008 office visit, Plaintiff was "demanding opiates and developed abusive behavior." (*Id*. at 369). At a visit on March 14, 2008, Michael Johnson, DO, again notes drug seeking behavior, "patient is getting multiple opiates from multiple providers," when confronted he "got belligerent and upset" and refused to provide a urine sample. (*Id*. at 370). He is assessed by Dr. Johnson with depression, anxiety, polysubstance abuse, and drug seeking behavior. (*Id*.). A June 2008 clinic visit note by Allen Noble, PA-C, reflects that Plaintiff had cocaine in his urine and as a result was refused pain medications. (*Id*. at 363). Plaintiff sought treatment at an emergency room in Moses Lake for anxiety in May 2008, and those notes reflect that he "presents somewhat intoxicated." (*Id.* at 391).

In March 2008, Dr. Butler assessed Plaintiff's anxiety as moderate, but also stated claimant's overall work level would be medium. (ECF No. 11, p. 443). The March 28, 2008 report on which Plaintiff relies and attributes to Mahlon Dalley, Ph.D., a psychologist, may not be particularly compelling in the ultimate disability determination, but it does support that Plaintiff has a severe impairment at Step 2. The assessment is conducted, and report authored, by Brooke Sjostrom, M.S., LMHC and then adopted by Dr. Dalley. (ECF No. 11, p. 465). It appears to be largely based on Plaintiff's self-reporting. The report concludes that, "current anxiety and somatic concerns are likely to interfere with Jesus' ability to successfully tolerate the social pressures and expectations of a work environment."

ORDER - 8

The report also recommends a referral for outpatient chemical dependency treatment services and "due to the chronic nature of his conditions, a referral for SSI track." (*Id.* at 464-65).

In August 2008 additional drug seeking behavior is noted: "He has been fired from 3 providers in our clinic for the positive drug screen and for sustained drug seeking behaviors." (*Id*. at 576). Plaintiff requested narcotics at that visit, was refused, and then refused to give a urine sample. In September 2008, Plaintiff was diagnosed with Major Depressive Disorder of moderate severity and a Global Assessment of Functioning (GAF) of 45. The clinician, Gloria Lopez, MSW, also noted that Plaintiff "appears very forgetful". (ECF No. 11, p. 401-402). In March 2008, Plaintiff underwent a Department of Social & Health Services psychological evaluation which found severe depression, marked anxiety, and severe social withdrawal. The diagnosis from the evaluation was major depressive disorder and anxiety disorder. (*Id.* at 449-450). Interestingly, this report found no indication of drug or alcohol abuse and stated Plaintiff last used marijuana five years ago and does not currently use any drugs. Several marked functional limitations were noted, but it was estimated they would resolve in 6 months to 1 year. In April 2008, a state agency reviewing physician in completing a certification indicated that Plaintiff's condition was of "marked severity" and "meets listing 12.07". Listing 12.07 is for undifferentiated somatoform disorders. Whether a claimant meets a Listing is a step 3 determination, and if a Listing is met, the claimant is presumed disabled.

A DSHS psychological evaluation from March 2009 states that Plaintiff tested positive for meth in October 2008 and presented under the influence on March 4, 2009, and recommended a chemical dependancy evaluation. (ECF No. 11, p. 468). In April 2009 at the Mose Lake Clinic, Plaintiff's depression is assessed as "stable on Celexa 40 mg daily," and his history of drug abuse is noted.

ORDER - 9

(*Id*. At 523). A January 2009 office visit with Dr. Meyer indicates mixed anxiety and depression and "substance abuse may be implicated." (*Id.* at 586).

In July 2009, Plaintiff was informed he could no longer be a patient at the Moses lake Community Health Center due to his drug seeking behavior. (*Id*. at 602). In January 2010, Dr. Desire performed a psychiatric evaluation and concluded that "patient might have major depression but there is no documentation to verify any major depression episode." (*Id*. at 611). Dr. Desire also did not find symptoms of anxiety. She further concluded, "it is not clear why he is on disability because this provider does not have any medical records and the presentation today is what is documented." (*Id*.). It therefore appears Dr. Desire's evaluation was based on an incomplete review of the medical record.

The hearing before the ALJ was in March 2010, and the opinion issued in April 2010. Later that year, on October 27, 2010, Plaintiff presented to Central Washington Hospital "with psychiatric problem, suicidal ideation and agitation." (*Id*. at 632). He had hit himself in the right forehead with a paperweight. In September 2010, he was still being treated for anxiety and prescribed Xanax. In December 2010, at the Wenatchee Valley Clinic he was referred to the E.R. due to suicidal ideation. Dr. Shattuck's notes reflect that he has seen Plaintiff four times in the last four days for anxiety and that Plaintiff brought "rope meant to be used as a noose" to the office visit. The doctor called 911. (*Id*. at 698).

**(II) Discussion and Analysis** - This brief recitation of portions of the medical record does not evidence a person who has no severe impairments. Rather, it demonstrates that Plaintiff suffers from mental impairments and substance abuse. The ALJ's conclusion at Step 2 that Plaintiff had no severe impairments is not supported by substantial evidence. The ALJ should have found Plaintiff to have severe impairments at Step 2 and proceeded through the five-step evaluation process. If at the conclusion of the five-steps, the ALJ found Plaintiff

to be disabled, then the ALJ must evaluate the effects of Plaintiff's substance abuse and determine whether Plaintiff would be disabled in the absence of his substance abuse.

In *Bustamante v. Massanari*, 262 F.3d 949 (9th Cir. 2001), the court set forth how a claimant's drug or alcohol abuse was to be evaluated. Specifically the court framed the issue as: "Here, we must determine whether it is error for an ALJ to determine that a claimant's mental impairments are the product and consequence of his alcohol abuse prior to making a determination that the claimant is disabled under the five-step inquiry." *Id.* at 954-955. The Circuit found the ALJ had erred. The ALJ "must first conduct the five-step inquiry without separating out the impact of alcoholism or drug addiction." *Id.* at 955. If the ALJ finds the claimant is not disabled, then the claimant is not entitled to benefits and there is no need to proceed with analysis concerning the drug or alcohol abuse. However, if the ALJ finds the claimant is disabled, and there is medical evidence of drug addiction or alcoholism, then the ALJ must proceed to "determine if the claimant would still be disabled if he stopped using alcohol or drugs." *Id.* at 955. The Ninth Circuit found that it was error for the ALJ to conclude at Step 2 that claimant's emotional conditions "were the product and consequence of his alcohol abuse." *Id.*

The ALJ in the case at bar made a similar error. The ALJ stated: "If the claimant is impaired in regard to his mental status in any way, it is likely due to substance abuse, and at present substance abuse and mental health issues could not be separated." (ECF No. 11-2, p. 32). The ALJ appears to have discounted Plaintiff's anxiety and depression evidence as being attributable to his substance abuse. Further, substantial evidence in the record clearly demonstrates that Plaintiff's anxiety and depression were severe impairments. In fact, at least one physician believed that Plaintiff's condition met Listing 12.07, which is a Step 3 inquiry. It was error for the ALJ to consider Plaintiff's substance abuse during the

ORDER - 11

initial five-step inquiry. See *Esslinger v. Astrue*, 479 Fed.Appx. 59 (9th Cir. 2012)(ALJ "committed legal error by taking into consideration the impact of alcohol and drug abuse on Esslinger's limitations during the initial five-step sequential evaluation.")

The ALJ committed error at Step 2 in finding Plaintiff had no severe impairments. The Step 2 inquiry has been described as "de minimus" and as a "low bar". See for example *Gardner v. Astrue*, 257 Fed.Appx. 28 (9th Cir. 2007)(claimant's report of pain and x-ray of ankle showing "minor arthritic changes" met the "low bar at step two"). The court expresses no opinion as to whether the ALJ's ultimate conclusion of non-disability will ultimately be appropriate. An individual is not entitled to disability benefits if alcoholism or drug addiction would be a contributing factor material to the Commissioner's determination that the individual is disabled. *Bustamante*, 262 F.3d at 954 citing 42 U.S.C. § 423(d)(2)(C). A review of the record indicates a serious drug problem, and the ALJ may conclude that without the drug abuse Plaintiff would not be disabled. On remand, the ALJ should consider Social Security Ruling 13-2p entitled, "Evaluating Cases Involving Drug Addiction and Alcoholism(DAA)", effective March 22, 2013. The Ruling states in part that if a claimant is determined to be disabled, "we must then determine whether the claimant would continue to be disabled if he or she stopped using drugs or alcohol; that is, we will determine whether DAA is "material" to the finding that claimant is disabled." The stated purpose of the Ruling is to explain how to determine if DAA is a "contributing factor material" to the disability determination.

Whether DAA is a contributing factor material to a finding of disability must await completion of the initial five-step inquiry. If the ALJ finds Plaintiff is disabled, then the question of whether DAA is a contributing material factor is addressed.

ORDER - 12

## VIII. CONCLUSION

The Commissioner's conclusion that Plaintiff suffered from no severe impairments is not supported by substantial evidence. As was directed by the Ninth Circuit in *Bustamante*, this matter is remanded for the ALJ to proceed with the disability determination. If the ALJ determines that Plaintiff is disabled, then the ALJ must consider whether Plaintiff's substance abuse is a contributing material factor to the disability determination. *Bustamante*, 262 F.3d at 955.

**IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment (ECF No. 14) is **GRANTED** to the extent stated herein. The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Opinion pursuant to sentence four of 42 U.S.C. § 405(g).

2. Defendant's Motion for Summary Judgment (ECF No. 20) is **DENIED.**

3. The Clerk is directed to enter Judgment of remand to the Social Security Administration, furnish copies to counsel, and close the file in this court.

 **IT IS SO ORDERED**. .

DATED this 20th day of July, 2013.

s/ Justin L. Quackenbush<br>
JUSTIN L. QUACKENBUSH<br>
SENIOR UNITED STATES DISTRICT JUDGE